IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RANDY L. SHATTO, SR., | ) |
| Petitioner, | ) |
| v. | ) NO. 3:09-0407 |
| | ) JUDGE HAYNES |
| TONY PARKER, Warden, | ) |
| Respondent. | ) |

**M E M O R A N D U M**

Petitioner, Randy Lee Shatto, Sr., filed this action under 28 U.S.C. § 2254 seeking the writ of habeas corpus to set aside his state conviction based upon his guilty plea to rape of a child for which he received a sentence of fifteen (15) years. After review of the petition, the Court entered an Order for Petitioner to show cause why this action should not be dismissed as untimely given his 2004 conviction. (Docket Entry No. 4). In response, Petitioner asserts that his counsel did not file an appeal; that his counsel was ineffective for failure to file his appeal; and that his sentence was in violation of state guidelines. (Docket Entry No. 8). Petitioner also seeks appointment of counsel and expansion of the record. Id.

According to Shatto v. State, 2007 WL 4224623 (Tenn. Ct. Crim. App. November 30, 2007), after his guilty plea, Petitioner was sentenced on July 12, 2004. Id. at *1. Petitioner pursued a state post-conviction petition in November 2004 and with advice of counsel, Petitioner withdrew his petition on March 23, 2005. Id. In December 2006, Petitioner moved to reopen his prior state post-conviction petition, but the state trial court treated that motion as a successive petition and dismissed the successive petition as untimely under state law. Id. On appeal, the Tennessee Court of Criminal Appeals affirmed on November 30, 2007. Id. at *2. This action

was filed on April 27, 2009. (Docket Entry No. 1).

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. Section 2244(d)(1), provides that a person convicted in state court has one (1) year from the time his conviction becomes final on direct appeal to file a federal petition. In Lindh v. Murphy, 521 U.S. 32 (1997) the Supreme Court held that the AEDPA was to be applied prospectively, i.e., beginning after April 24, 1996. Where a federal habeas action is stayed pending exhaustion of state court remedies, the federal limitations period is tolled. Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Aside from the "stay and abeyance" rule, the federal limitations period can be equitably tolled under the Court's equitable jurisdiction. Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005).

In addition, under 28 U.S.C. § 2244(d)(2), "the time <u>during which a properly filed application for State post-conviction</u> or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." <u>Id.</u> (emphasis added). "The [statutory] tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." Vroman, 346 F.3d at 602 (6th Cir. 2003) (quoting Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)). "[A]n application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, ... the time limits upon its delivery." <u>Id.</u> at 603 (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000).

In Vroman, the habeas petitioner asserted that his state post-conviction petition was timely under Ohio law and thus, tolled the federal statute of limitations for his federal habeas action. 346 F.3d at 603 (quoting Artuz). The Sixth Circuit explained that for federal habeas action:

> The AEDPA limitations period may be tolled for that period of time "during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y.1998).

Id. at 602.

In Vroman, the Sixth Circuit ruled that unless the State post-conviction proceedings effectively tolled the federal habeas limitations period, Plaintiff's federal claim was untimely because, "[t]he timeliness of an Ohio prisoner's post-conviction petition is governed by state statute." Id. at 603. As that Court explained:

> "[F]ederal courts ... defer to a state court's judgment on issues of state law and, more particularly, on issues of state procedural law." Israfil, 276 F.3d at 771; see also Godfrey v. Beightler, 54 Fed.Appx. 431, 2002 WL 31805606, at *2 (6th Cir. Dec.10, 2002) (stating that "federal courts defer to the state court's interpretation of state filing requirements"). In Israfil, the Sixth Circuit held that "[b]ecause state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice." 276 F.3d at 771 (citations omitted). Therefore, the Israfil court concluded that the district court properly deferred to the Ohio state court's finding as to whether the petitioner's post-conviction motion had been submitted according to Ohio's timeliness requirements. Id. at 771-72; see also Raglin, 10 Fed.Appx. 314, 2001 WL 523530, at *1 (holding that "untimely state collateral attacks are not properly filed and do not toll the statute of limitations" and therefore concluding that the petitioner's post-conviction petition did not toll the statute of limitations because it was dismissed as untimely under Ohio law). Here, as in Israfil, the district court properly concluded that Ohio's determination of whether Vroman's

3

post-conviction petition was properly filed governs whether such action tolls the statute of limitations under § 2244(d)(2).

Id. at 603.

The Sixth Circuit emphasized that "[t]his court . . . does not function as an additional state appellate court reviewing state court decision on state law or procedure. Allen v. Morris, 845 F.2d 610, 614 (6th Cir. 1988). Moreover, federal court are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state." Vroman, 346 F.3d at 604 (citation omitted).

Applying Vroman, the Court concludes that the timeliness of the Petitioner's state post-conviction petition is governed by the state courts' determinations. Without a timely state post-conviction petition, there was not any tolling of the federal habeas statute of limitations. Petitioner did not file this action within one year after that his conviction became final in 2004 and thus, this action is untimely under 28 U.S.C. § 2244(d). Although equitable tolling is a judicial doctrine that extends to federal habeas action, Souter, 395 F.3d at 599-60, the tolling doctrine is invoked only in "rare" and "exceptional circumstances." Id.

Based upon his guilty plea and Shatto, the Court concludes that this action is time barred under 28 U.S.C. Section 2244(d)(1) and Petitioner's stated reasons are insufficient to toll the applicable limitations period. Thus, this action should be dismissed with prejudice as untimely.

An appropriate Order is filed herewith.

**ENTERED** this the _17_ day of November, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge